UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JENNIFER HAYSLEY                                        Plaintiff

v.                                         Civil Action No. 3:20-CV-00845-RGJ-RSE

CIRCLE K. STORES, INC.                                Defendants
MAC'S CONVENIENCE STORES, LLC

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Defendants Circle K Stores, Inc. ("Circle K") and Mac's Convenience Store, LLC ("Mac's," collectively "Defendants") move for reconsideration of and to vacate [DE 28] the Court's Order [DE 26] on motion for summary judgment. Plaintiff Jennifer Haysley ("Haysley") responded [DE 29] and Defendants replied [DE 31]. The matter is ripe. For the reasons below, the motion for reconsideration and to vacate [DE 28] is **GRANTED** and Defendants' Motion for Summary Judgment [DE 19] is **GRANTED**.

### I.   BACKGROUND

The background previously set forth in the Court's order denying summary judgment [DE 26] is incorporated.

### II.   STANDARD

"District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008). Although the Federal Rules of Civil Procedure do not expressly provide for "motions for reconsideration," courts generally construe such motions as motions to alter or amend a judgment under Rule 59. *See Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990).

1

The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues." *White v. Hitachi, Ltd.*, No. 3:04-CV-20, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted). "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *White*, 2008 WL 782565, at *1 (citation omitted). Where a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit. *Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997); *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991) (citations omitted).

Accordingly, the Sixth Circuit instructs that a motion for reconsideration should only be granted in four situations: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (internal quotation marks and citation omitted). Because there is an interest in the finality of a decision, motions for reconsideration "are extraordinary and sparingly granted." *Marshall v. Johnson*, No. CIV.A.3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)).

### III.   DISCUSSION

Circle K does not argue that there is any newly discovered evidence or intervening change in controlling law. It instead "seeks to have the Court correct a clear error of law" and "[prevent]

manifest injustice." [DE 31 at 360-61]. The issue before the Court is whether summary judgment should have been granted to Circle K in view of Kentucky's worker's compensation scheme, which grants immunity from suit by injured employees to certain contractors. *See* KRS §§ 342.610, 342.690. Circle K argues that the Court misapplied the law in failing to grant up-the-ladder immunity both in its application of the "regular and recurrent" test and by finding Circle K failed to establish their entitlement to the defense by substantial evidence. [DE 28 at 325-26]. Haysley argues that Defendants are simply re-arguing their motion, which failed to prove the up-the-ladder defense applied to them because Defendants did not prove they were contractors. [DE 29 at 338]. Haysley also argues that she should be allowed time for appropriate discovery before consideration of any summary judgment motion. [*Id.*].

The Kentucky's Workers' Compensation Act provides that "[i]f an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee. . . ." The statute states that an "employer" includes "a 'contractor' covered by subsection (2) of KRS 342.610." KRS 342.610(2), in turn, defines a "contractor" as "[a] person who contracts with another . . . [t]o have work performed of a kind which is a regular or recurrent part of the work of the trade, business, occupation, or profession of such person." Together, these provisions "form the basis for what is known as the 'up-the-ladder' defense: an entity 'up-the-ladder' from the injured employee and who meets all the qualifications of a 'contractor' under KRS 342.610(2) is entitled to the immunity provided by KRS 342.690." *Davis v. Ford Motor Co.*, 244 F. Supp. 2d 784, 786 (W.D. Ky. 2003).

In *Gen. Elec. Co. v. Cain,* the Kentucky Supreme Court explained the factors used to determine whether a particular activity is a "regular or recurrent" part of an employer's business

within the context of KRS 342.610(2). *Gen. Elec. Co. v. Cain*, 236 S.W.3d 579, 588 (Ky. 2007), *as corrected* (Aug. 30, 2007), *as modified on denial of reh'g* (Nov. 21, 2007). Regular or recurrent activities are "customary, usual, or normal to the particular business (including work assumed by contract or by law) or work that the business repeats with some degree of regularity, and is of a kind that the business or similar businesses would normally perform or be expected to perform with employees." *Cain,* 236 S.W.3d at 588. This test is relative, not absolute. *Id.* This issue is a mixed question of fact and law for the Court to decide. *Id.* at 589. The conclusion that a defendant is entitled to summary judgment "must be supported with substantial evidence that a defendant was the injured worker's statutory employer under a correct interpretation of KRS 342.610(2)(b)." *Id.* at 585.

      *a. Contractor and "regular and recurrent"*

Defendants argue that the contract between Circle K and the Kentucky Lottery Corporation ("KLC") required Circle K to use KLC employees—like Haysley—to place KLC promotional material, making it "regular and recurrent" work. [DE 28 at 327]. Haysley agrees that no Circle K employees could place KLC lottery signage, but argues this is why her work was not "regular and recurrent"—because such work must be performed by a contractor's own employees. [DE 23 at 257; DE 29 at 342].

In its previous order, the Court found Defendants had not met the test to show that Haysley's specific work—changing KLC lottery signage—was regular and recurrent of their trade. Simply because the work is legally required or contracted for is not itself proof that the work is a "customary, usual or normal part of the premises owner's trade"— it must "otherwise qualif[y] as regular and recurrent." *Cain*, 236 S.W.3d at 586; *Dilts v. United Grp. Servs., LLC*, No. CIV.A 07-38, 2010 WL 497730, at *5 (E.D. Ky. Feb. 5, 2010), *aff'd,* 500 F. App'x 440 (6th Cir. 2012) ("if

4

work otherwise qualifies as "regular or recurrent," then the fact that it is performed completely by subcontractors is not significant"). Furthermore, Defendants argued Haysley was "performing the same type of work Circle K performs with its own employees" while simultaneously arguing that their employees could never statutorily perform Haysley's specific work: changing a lottery sign. [DE 19-1 at 211]. That Defendants own employees could never perform Haysley's work seems inapposite with "the type of work performed is a customary, usual or normal part of the premises owner's trade, business occupation or profession" which work employees are normally used to perform. *Cain*, 236 S.W.3d at 586. However, having reviewed Defendants' cited case law, the Court agrees and thus vacates its earlier holding: the fact that work is performed by subcontractors is not by itself significant if the work otherwise qualifies as "regular and recurrent." *Tarter v. AP/AIM Rivercenter Suites, LLC*, No. CV 16-78-DLB-CJS, 2019 WL 114468 (E.D. Ky. Jan. 4, 2019), at *7 ("The Kentucky Supreme Court has found, and the Sixth Circuit has reiterated, that an entity can be a contractor even if it would never perform the tasks with their own employees") (citing *Fireman's Fund Ins. Co. v. Sherman & Fletcher*, 705 S.W.2d 459, 462 (Ky. 1986); *Black*, 835 F.3d at 586l; *Est. of Young by & through Young v. ISP Chemicals, LLC*, No. 2017-CA-000838-MR, 2018 WL 2277395, at *5 (Ky. App. May 18, 2018); and *Doctors' Assocs., Inc. v. Uninsured Employers' Fund*, 364 S.W.3d 88, 92 (Ky. 2011)). Defendants and Haysley agree that temporally, her work for KLC was regular and recurrent. [*See* DE 23 at 246 (Haysley's MSJ response brief, stating that Defendants "concede . . . [KLC] employees visit the store to replace lottery promotional materials every 60-90 days approximately.")]. Thus the only remaining issue is whether Haysley was a subcontractor.

      b.  *Substantial evidence of a contractual relationship*

Defendants also argue the Court's holding was erroneous in concluding Circle K failed to produce substantial evidence of their contractual relationship with KLC. [DE 28 at 325]. Haysley argues "Defendants failed to produce any . . . evidence regarding *their* employee's work or *their* contractual relationship with KLC to support an 'up the ladder' affirmative defense." [DE 29 at 338 (emphasis in original)]. "A formal written contract between the injured worker's direct employer and the alleged tortfeasor is not essential to establish up-the-ladder immunity from tort claims." *Beaver v. Oakley*, 279 S.W.3d 527, 528 (Ky. 2009). Defendants have stated that "a written contract is not required and does not exist," but argue the fact of their agreement is indisputable because they sell lottery tickets or because Haysley was at their store working when she was injured. [*See* DE 19-1 at 211-13; DE 25 at 295]. Upon review, the Court agrees: the submitted proof is substantial evidence that there was a contractual relationship between Defendants and KLC, and Haysley's own responses appear to concede an agreement between Circle K and KLC. *See* KRS § 154A.010(7) ("'Retailer' means any person with whom the corporation has contracted to sell lottery tickets to the public."); [DE 19-2 at 228-29 (Haysley's response to Interrogatories, discussing visiting Circle K "at least three times in a quarter" and that "[h]er team had specific instructions that Circle K and KLC had reached an agreement that at each new game launch we were to place a pole wrap and a window cling at each Circle K retail location")]; *and Beaver v. Oakley*, 279 S.W.3d 527, 534 (Ky. 2009) ("contracts might be found . . . when the facts show that the defendant is effectively functioning as the contractor"). The Court finds there is substantial evidence that Haysley's work was a regular and recurrent part of Defendants' business. Defendants are thus an up-the-ladder statutory employer under Kentucky's Workers' Compensation Act, so the Court **GRANTS** Defendants' Motion to Reconsider and Vacate [DE 28].

Haysley argues she "should be allowed to depose Defendants' representatives and obtain appropriate discovery" such as "the agreements between KLC and [Defendants]" before "any summary judgment motion should be considered." [DE 23 at 249; DE 29 at 338]. She did not further develop this argument in response to the instant motion; in response to the motion for summary judgment she objected under "rule 56(d)" and argued only that the testimony and contract would "bear directly on the 'up the ladder' analysis, specifically whether KLC is in fact a 'subcontractor' of" Defendants. [DE 23 at 249-50]. At the summary judgment phase of litigation, the parties are required "to make [their] case with a showing of facts that can be established by evidence that will be admissible at trial." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (citing Fed. R. Civ. P. 56(e)(2)). In addition, under Rule 56(d) of the Federal Rules of Civil Procedure, the Court may adjourn a motion for summary judgment for further discovery "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d)(2). This authority considers the drastic nature of granting summary judgment by allowing the Court to ensure that it "affords the parties adequate time for discovery, in light of the circumstances of the case." *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995). While the nonmoving party must typically file a formal affidavit stating "the materials [it] hopes to obtain with further discovery," *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004), FRCP 56(d) is also satisfied if the party complies with its "substance and purpose" of the rule by "informing the district court of [the] need for discovery prior to a decision on the summary judgment motion." *Moore v. Shelby Cnty., Kentucky*, 718 F. App'x 315, 319 (6th Cir. 2017) (internal quotation marks and formatting omitted). As analyzed above, there are no genuine disputes as to material facts. Haysley did not file an affidavit or declaration, explain genuine factual disputes, or otherwise comply with the "substance and

purpose" of the rule. *Moore*, 718 F. App'x at 319. Having no basis on which to grant it, the Court denies Hasyley's request for further discovery prior to summary judgment.

Circle K[1] also requests a hearing pursuant to LR 7.1(f). [DE 28 at 325]. The legal issues are clear, and oral argument would not assist the Court, so the Court **DENIES** the request for oral argument. *See e.g.*, *Cincinnati Gas & Elec. Co. v. Benjamin F. Shaw Co.*, 706 F.2d 155, 159 (6th Cir. 1983); *and Yamaha Corp. of Am. v. Stonecipher's Baldwin Pianos & Organs, Inc.*, 975 F.2d 300, 301 (6th Cir. 1992) ("Many times the legal issues are abundantly clear and so firmly settled so as to make oral argument completely unnecessary").

## CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) Defendants' Motion to Reconsider and Vacate [DE 28] is **GRANTED;**

(2) Defendants' Motion for Summary Judgment [DE 19] is **GRANTED**;

(3) This Matter is **DISMISSED** with prejudice and **STRICKEN** from the Court's active docket;

(4) The Court will enter a separate Judgment.

Rebecca Grady Jennings, District Judge
United States District Court

September 30, 2022

cc: counsel of record

---

[1] Defendants' motion includes only Circle K in the request for a hearing. [DE 28 at 325].